UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

STEPHEN L. HALL,

      Plaintiff,

v.

                                                  Case No. 2:13-CV-239

                                                  HON. GORDON J. QUIST

MICHAEL BAUERS, et al.,

      Defendants.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

Plaintiff, Steven L. Hall, has filed an objection to Magistrate Judge Timothy P. Greeley's February 3, 2015 Report and Recommendation (R & R). In that R & R, the magistrate judge recommends allowing Plaintiff to proceed on his retaliation claim against Defendant Bauers and dismissing the remainder of Plaintiff's federal claims. The R & R further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

Plaintiff objects to the magistrate judge's recommendation that the Court dismiss the retaliation claim against Defendant Niemi. Plaintiff argues that he reported Bauer's alleged unconstitutional conduct to Niemi, and that Niemi failed to act upon that information. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based on a mere failure to

act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). To assert a claim against Niemi, Plaintiff must show that Niemi "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Id.* Plaintiff has failed to allege that Niemi did anything more than fail to act in response to Plaintiff's complaints. Accordingly, Plaintiff's retaliation claim against Niemi must fail.

Plaintiff further argues that the magistrate judge erred in concluding that Plaintiff failed to sufficiently allege a civil conspiracy claim. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (internal quotation marks omitted). Plaintiff's conspiracy claim is based on the allegation that Niemi knew that Bauers had taken Plaintiff's property but did nothing to remedy the situation. Plaintiff does not allege any material facts to support his claim that Defendants had an agreement to violate his rights. Accordingly, Plaintiff has failed to sufficiently allege a conspiracy claim.

Plaintiff further argues that Defendants are not entitled to qualified immunity. As the magistrate judge explained, Bauers is not entitled to qualified immunity with regard to the retaliation claim. Niemi is entitled to qualified immunity because he did not violate Plaintiff's rights.

Finally, Plaintiff objects to the magistrate judge's recommendation that the Court decline to exercise supplemental jurisdiction over this case. Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state law claim under certain circumstances. The Court finds that none of those circumstances apply in the instant case, however, and thus there are no grounds to decline to exercise supplemental jurisdiction. Defendants have not moved to dismiss Plaintiff's state law claims on the merits, and those claims will proceed.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued February 3, 2015 (dkt. # 43 ) is **ADOPTED in part** and **REJECTED in part**. Plaintiff's Objection (dkt. #46) is **OVERRULED in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. # 30) is **GRANTED in part** and **DENIED in part**. Plaintiff may proceed on his state law claims and his retaliation claim against Defendant Bauer. The remainder of Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.

Dated: March 20, 2015 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE